FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2019 APR 30  PM 12: 47

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 19-mj-108

UNITED STATES OF AMERICA,
Plaintiff,
v.

LUIS RENE ZAVALA-ACOSTA,
Defendant.

---

### DEFENDANT'S MOTION AND PROFFER FOR PRETRIAL RELEASE

---

Defendant, by and through counsel, hereby moves this Court to grant him pretrial release. In support of this motion, defendant states the following:

### **Rebuttable Presumption**

18 U.S.C. § 3142(e) creates a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community if there is probable cause to believe that the defendant committed a drug offense punishable by 10 years or more.

This presumption shifts the burden of production to the defendant. A defendant's burden of production is not heavy, but he must come forth with some evidence. *See United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986) (to rebut the presumption

defendant must come forward with credible evidence about the charged conduct, or his circumstances, that favors release under one or more of the § 3142(g) factors ).

A defendant needs to produce "some credible evidence" showing a reasonable assurance of their appearance and that they are not a danger to the community. *United States v. Carbone*, 793 F.2d 559, 560 (3rd Cir. 1986). The burden of proof remains with the government and the burden of proving dangerousness is by clear and convincing evidence. *United States v. Feaster*, No. 10-20071-01-KHV, 2010 WL 2287481 at *3 (D. Kan. June 3, 2010).

18 U.S.C. § 3142 defines the categories of "release and detention" a defendant may be subject to and contains the rules under which the court and parties must proceed relating to bail matters. In that regard, § 3142(a) states "that upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall make a determination regarding bail status of the defendant, and shall enter an order designating a defendant's custodial status" under one of four categories:

1. Released on personal recognizance *or* upon execution of an unsecured appearance bond (following the provisions of Section 3142(b));

2. Released on a condition or combination of conditions as defined by Section 3142(c);

3. Temporarily detained to permit revocation of conditional release, deportation, or exclusion under Section 3142(d); or

4. Detained pursuant to the provisions of Section 3142(e).

The [Bail Reform} Act "clearly favors non-detention." *United States v. Byrd*, 969 F.2d 106. 109 (5th Cir. 1992). Having reviewed the Complaint and Affidavit filed in this case, there is no information to suggest that Mr. Zavala-Acosta is dangerous. First, there is no information, either in the Complaint or Affidavit, to suggest that Mr. Zavala-Acosta is violent. He did not possess a firearm. He is not alleged to have committed any violent act, nor does he fit within the limited number of defendants deemed "particularly dangerous." *See United States v. Ridinger*, 623 F. Supp. 1386 (W.D. Mo. 1985).[1]

A "defendant's prior criminal record is also *per se* insufficient to maintain a finding of dangerous." *United States v. Cruz*, 363 F. Supp. 2d 40, 46 (D. P.R. 2005). In Mr. Zavala-Acosta's case, he has no criminal history, so far as counsel is aware. Instead, Mr. Zavala-Acosta is a twenty year old young man who has graduated high school and who has completed one year of university education.

Section 3142 does not "seek ironclad guarantees, and the requirements that the conditions of release 'reasonably assure' a defendant's appearance cannot be read to require guarantees against flight." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D.

---

[1] "Experience establishes that transactions involving controlled substances and guns go hand-in-hand in a very large number of §841 cases. If the possession of guns, standing alone, could be said to constitute clear and convincing evidence to support the entry of a detention order on grounds of dangerousness, a very large number of persons accused of violations of that statute would be subject to pretrial detention as a matte of course. Such a conclusion is contrary to the legislative history of the Bail Reform Act, which states that 'there is a small but identifiable group of particularly dangerous defendants as to whom neither the imposition of stringent release conditions nor the prospect of release can reasonably assure the safety of the community of other persons. It is with respect to this limited group of offenders that the courts must be given the power to deny release pending trial." (Internal citations omitted).

Cal. 1992). And, it is statistically rare for individuals on federal pretrial supervision to fail to appear. According to the DOJ, only 1% of pretrial supervisees failed to appear, and only 4% were arrested on new offenses. *See* Thomas H. Cohen, Ph.d., U.S. Dep't of Justice, Bur. of Statistics, *Pretrial Release and Misconduct in Federal District Courts*, 2008 - 2010 (Nov. 2012). While the charges filed against Ms. Zavala-Acosta are serious, the government cannot merely point to the serious nature of the charge as a motive to flee, as that would be true in every federal case. *See United States v. Gioldano*, 370 F. Supp 1256, 1264 (S.D. Fla. 2005); *see also United States v. Carter*, 996 F. Supp. 260 (W.D.N.Y. 1998).

Mr. Zavala-Acosta entered the United States legally. He is a resident and citizen of Mexico. But these two facts are insufficient to warrant his detention. While the government may argue that Mr. Zavala-Acosta presents a serious flight risk due to his nationality, there is no information in either the Complaint or the Affidavit to suggest that Mr. Zavala-Acosta took any action to flee from law enforcement. The statute requires that a defendant be detained only if he represents a *serious* risk of flight. This is a substantial burden for the government to meet. *See United States v. Giordano,* 370 F. Supp. 2d 1256 (S.D. Fla. 2005)(serious charges to no necessarily equal serious flight risk.). And the government bears the burden of proving a defendant is a flight risk by a preponderance of the evidence. *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community," the judicial officer must consider:

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including —

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

    The charged conduct alleges an offense that involvers a narcotic drug. No violence is alleged, nor is a crime of violence charged. Based upon the weight of the evidence, the government's case against Mr. Zavala-Acosta is circumstantial. While Mr. Zavala-Acosta does not have substantial ties to Colorado, as mentioned earlier, he does have family in Arizona. And Mr. Zavala-Acosta is a young man without any prior criminal convictions who has started his collegiate education. There is, upon information and belief, no suggestion that Mr. Zavala-Acosta has failed to appear in court, nor is there any information to suggest that he was on probation or parole at the time of this arrest. Combining these facts together, Mr. Zavala-Acosta is neither a danger to the community nor a flight risk.

Focusing on Mr. Zavala-Acosta's nationality, this factor alone does not suggest that Mr. Zavala-Acosta will not appear in court, or that there are factors that render the court unable to place Mr. Zavala-Acosta on bond. Even if Mr. Zavala-Acosta is involuntarily removed, or placed in removal proceedings, the 10th Circuit has held that "in the context of § 3142(f)(2), the risk that a defendant will "flee" does not include the risk that ICE will involuntarily remove the defendant." *United States v. Ailon-Ailon*, 875 F.3d 1334, 1339 (10th Cir. 2017). As the DetentionAct limits judicial authority by generally requiring reasonable assessments of risks and by permitting only the "least restrictive" conditions of release that are necessary to assure that defendants will appear, the question should turn not on Mr. Zavala-Acosta's nationality, but rather whether there are conditions that allow for his release from custody such that his appearance will be assured.

Mr. Zavala-Acosta proposes release to a halfway house with GPS monitoring. This proposal is consistent with the Detention Act and the facts unique to Mr. Zavala-Acosta. Detention is a harsh sanction, whereas Mr. Zavala-Acosta's proposed conditions of release are "the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 USC § 3142(c)(1)(B). First, the halfway house secures Mr. Zavala-Acosta at a location known to the court and the government, not to mention under the control of the court. Second, GPS monitoring ensures that Mr. Zavala-Acosta cannot easily abscond.

## **Detention Hearings May Proceed By Way of Proffer**

Detention hearings are an informal proceeding, and the evidence presented is not governed by the Federal Rules of Evidence." *United States v. Duncan*, 897 F. Supp. 688, 690 (N.D.N.Y. 1988); 18 U.S.C. § 3142(f)(2). The government may proceed in a detention hearing by way of proffer. *United States v. Gaviria*, 828 F.2d 667, 669 (11th Cir. 1987); *United States v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986); *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986); *United States v. Acevedo- Ramos*, 755 F.2d 203, 206-07 (1st Cir. 1985)). The rationale for permitting detention hearings to proceed by way of proffer is that such hearings are "neither a discovery device for the defense nor a trial on the merits." *Smith*, 79 F.3d at 1210. "The process that is due is only that which is required by and proportionate to the purpose of the proceeding." *Id.* "That purpose includes neither a reprise of all the evidence presented before the grand jury, *United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986), nor the right to confront non-testifying government witnesses. *United States v. Accetturo*, 783 F.2d 382, 388- 89 (3d Cir. 1986). *Smith*, 79 F.3d at 1210 (*also citing United States v. Hurtado*, 779 F.2d 1467, 1479 (11th Cir. 1985)(purpose of pretrial detention hearing is not to "rehash . . . probable cause" but to provide opportunity for detainee to show no risk of flight or danger to community); *United States v. Williams*, 798 F. Supp. 34, 36 (D.D.C. 1992)).

## Burden of Proof At Detention Hearing

In a pretrial detention hearing, the government's burden is to establish by clear and convincing evidence that no conditions of release will reasonably assure the safety of the community. *Rodriguez*, 897 F. Supp. at 1463 (*citing United States v. Orta*, 760 F. 2d 887 (8th Cir. 1985); *see also United States v. Arena*, 894 F. Supp. 580, 585-86 (N.D.N.Y. 1995)(*citing United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985). "The issue in such a hearing is whether releasing a defendant would pose a danger to the community that would not exist were [the defendant] detained." *Rodriguez*, 897 F. Supp. at 1463 (*citing United States v. Phillips*, 732 F. Supp. 255, 267 (D.Mass. 1990), *reh'g denied*, 952 F.2d 591 (1st Cir.), *cert. denied*, 113 S.Ct. 113 (1992); *see also United States v. Smith*, 79 F.3d 1208, 1209 (D.C.Cir.1996) (per curiam); *United States v. Portes*, 786 F.2d 758 (7th Cir. 1985); *United States v. Orta*, 760 F.2d 887 (8th Cir. 1985).

The standard is different when the issue is whether any conditions of release will reasonably assure the defendant's attendance at trial (risk of flight); the government need only prove that there are no such conditions by a "preponderance of the evidence." *See United States v. Tedder*, 903 F. Supp. 344, 345 (N.D.N.Y. 1995)(*citing United States v. Martir*, 782 F.2d 1141, 1146 (2d Cir. 1986)); 18 U.S.C. § 3142(c). It is not necessary that the government prove both flight risk and danger to the community to warrant detention. *See United States v. Flores*, 856 F. Supp. 1400, 1401 (E.D.Cal. 1994).

18 U.S.C. § 3142(g) lists a number of factors to be considered by the court when determining whether or not there are conditions or release that will reasonably assure

the appearance of the defendant and which will assure the safety of any other person or the community. Section 3142(g)(3)(A) lists what history and characteristics of the defendant which should be taken into account when determining the issue of pretrial release or detention. The factors to be considered include a defendant's physical condition, family ties, length of residence in the community, as well as their community ties. *Id.* The majority of defendant's proffer will involve these factors.

### Defendant's Proffer[2]

Mr. Zavala-Acosta, upon information and belief, has no criminal history. Upon information and belief, Mr. Zavala-Acosta has never been supervised by pretrial services. Nothing in the Complaint and Affidavit suggests that Mr. Zavala-Acosta is violent or a danger to the community.

Mr. Zavala-Acosta is twenty years old. He is a high school graduate and he has completed one year of collegiate studies. He is from Mexico, but he also has family in Chandler, Arizona.

Mr. Zavala-Acosta, upon information and belief, did not resist arrest nor did he hinder the investigation after his arrest. He did not flee or attempt to flee.

There is no evidence that Mr. Martinez poses any danger of flight. Mr. Zavala-Acosta is indigent; he does not have any financial ability to relocate, nor is there any

---

[2] Counsel does not have a copy of the report from Pretrial. Counsel may wish to supplement this proffer after reviewing Pretrial's report.

evidence that he has the means to leave the country. There is no evidence suggesting that Mr. Zavala-Acosta is a serious risk of flight. The burden is upon the government to establish such a risk and it is a substantial burden. *See United States v. Giordano*, 370 F. Supp. 2d 1256 (S.D. Fla. 2005)(serious charges do not necessarily equal flight risk).

Mr. Zavala-Acosta is requesting to be released to a half-way house. He will submit to being monitored by GPS tacking. He will agree to all the terms and conditions of pretrial release.

### Relief Sought

Ms. Zavala-Acosta, for the reasons stated in this motion, requests that the Court grant him pretrial release.

Respectfully Submitted,

/s/Miller Leonard
Attorney for Defendant
CO Reg. # 41029
14143 Denver West Pkwy, Suite 100
Golden, CO 80401
720-613-8783 Phone
303-907-9516 Cellular Phone
millermleonard@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that this Motion for Pretrial Release was delivered, via the ECF system for the District of Colorado to all parties, on April 30, 2019.

/s/ Miller Leonard