IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 19-cr-227-CMA

UNITED STATES OF AMERICA,
          Plaintiff,

v.

4. LUIS RENE ZAVALA-ACOSTA,

          Defendant.

---

UNOPPOSED MOTION TO EXCLUDE TIME FOR THE ENDS OF JUSTICE

---

COMES NOW, Defendant, by and through counsel, and hereby requests the Court to exclude one hundred twenty (120) days from his Speedy Trial calculation. In support of this motion, Defendant states the following:

GENERAL ALLEGATIONS

1. Defendant is charged in a four count indictment. Defendant is charged in Counts 1, 2, and 4. Count 1 alleges a conspiracy to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii). All in violation of Title 21, United States Code, Section 846. Count 2 alleges the defendant did knowingly and intentionally combine, conspire, confederate and agree, with interdependence, to distribute and

possess with the intent to distribute one kilogram and more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(i). All in violation of Title 21, United States Code, Section 846. Count 4 alleges that defendant did knowingly and intentionally distribute, and possess with the intent to distribute, (i) 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine; and (ii) one kilogram and more of a mixture and substance containing a detectable amount of heroin. All in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(i) and (viii). There is also a forfeiture allegation.

2. Counts 1, 2, and 4 carries a mandatory sentence of five (10) years in prison upon conviction.

3. Counsel for Defendant has spoken with the Assistant United States Attorney David Tonini who is assigned to this case. The Government does not object to the request to exclude time for the ends of justice as outlined in this motion. In addition, counsel for codefendant's Pearson, Fabian Ortiz, and Padilla-Echeverria have advised counsel that they do not object to this request.

Legal Basis for Motion to Continue

1. The Speedy Trial Act of 1974 (Act) requires a criminal defendant's trial to commence within 70 days of his indictment or initial appearance. 18 U.S.C. §3161(c)(1).

2. The Act allows for a continuance at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. *Id*. § 3161(h)(7)(A).

3. No such period of delay resulting from a continuance granted by the court in accordance with paragraph (7) shall be excludable unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial. *Id*.

4. The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of § 3161(h)(7) are as follows:

    **(i)** Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

    **(ii)** Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

    **(iii)** Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161 (b), or because the facts upon which the grand jury must base its determination are unusual or complex.

    **(iv)** Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the

Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

*Id*. § 3161(h)(7)(B)(i)-(iv).

5. "A moving party, must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time. A record consisting of only short, conclusory statements lacking in detail is insufficient. For example, it is insufficient to merely state that counsel is new and thus needs more time to adequately prepare for trial or that counsel or witnesses will be out of town in the weeks preceding trial and therefore more time is needed to prepare for trial. Simply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough." *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009) citing *United State v. Williams*, 511 F.3d 1044, 1058 (10th Cir. 2007); *United States v. Gonzales*, 137 F.3d 1431, 1434-35 (10th Cir. 1998).

6. The Sixth Amendment right to counsel is the right to the effective assistance of counsel, and counsel's conduct must be sufficient so as not to undermined the proper functioning of the adversarial process so that the trial process can be relied on as having produced a just result. *See Strickland v. Washington*, 466 U.S. 668 (1984).

## Analysis

1. Counsel was recently appointed to this case.

2. Counsel has not yet received discovery.  The government sent counsel an email on May 17, 2019, indicating that discovery has been sent via Fed Ex to all counsel and that the discovery will

arrive on May 20, 2019.  At present, counsel has not had time to review discovery or even begin to organize discovery.

3.  Due to the recent appointment of counsel and the recent delivery of discovery, counsel requires additional time to review and organize discovery. For instance, counsel needs to analyze the discovery and determine potential factual and legal defenses. With the current schedule requiring pretrial motions to be filed by May 29, 2019, counsel would have 8 days in which to accomplish the tasks mentioned previously. The current time-line for motions is not sufficient to allow counsel to prepare any motions, not to mention counsel would have no time to conduct independent investigation into the allegations that could assist in the development of motions.

4.  Defendant has been apprised of this request and he does not object.

5.  Defendant is detained at the Federal Detention Center (FDC).  While this detention facility is not, relatively speaking, difficult for counsel to enter and visit Mr. Zavala-Acosta, it is far more time consuming than if Ms. Zavala-Acosta were out of custody and able to come to counsel's office.  A typical visit requires an hour of drive time to and from the facility.  Then, counsel must check into the facility which requires counsel to pass through security and fill out visiting forms. After checkin in, there is often a wait for the client to be brought to the visiting room.  Counsel also has to prepare, prior to any meeting, to ensure that the all necessary documents are available for review as there is no ability to obtain items once you are in the facility.

FDC has three (3) visiting rooms.  At times, counsel has arrived at FDC to visit a client and all three (3) visiting rooms have been occupied.  This results in either rescheduling the visit or waiting for a room to open.  Also, FDC ends visiting hours at 3:30 p.m.  The 3:30 p.m. closing of professional visits further limits the time counsel and Mr. Zavala-Acosta can review discovery

and consult on the case. Added to the fact that defendant is detained and visiting him requires added time, Mr. Zavala-Acosta does not speak English. Counsel needs the assistance of a Spanish interpreter in order to ensure that Mr. Zavala-Acosta understands the legal and factual issues in this case. Scheduling an interpreter means that visiting Mr. Zavala-Acosta is more difficult and, consequently, necessitates more time in order to effectively represent Mr. Zavala-Acosta.

6. Upon information and belief, there are no victims in this case.

7. The mandatory minimum sentence involved in Counts 1, 2, and 4 makes this case more complicated than one where a defendant is not facing a mandatory minimum sentence. But, on top of the mandatory minimum sentences that apply to Counts 1, 2, and 4, the government indicated during defendant's detention hearing that the estimated United States Federal Sentencing Guidelines' range of imprisonment is 360 months to life.

8. Counsel is unaware as to the necessity to conduct independent investigation in this case. But given the current trial deadlines, counsel will have little to no time to conduct meaningful investigation. As Mr. Zavala-Acosta is a citizen of Mexico, and his family resides in Mexico, it is possible that records or information from Mexico will need to be acquired. Thus, added time is needed to ensure that counsel can explore any investigation that is required.

PRAYER FOR RELIEF

1. Defendant hereby requests the Court to grant his Motion. This Motion is made in the interest of justice and does not vex or harass any party. Further, by granting this Motion, Defendant will

have his right to effective assistance of counsel, as mandated by the 6th Amendment, protected for the particularized reasons set forth in this motion.

2. Defendant is requesting one hundred twenty (120) days be excluded from the Speedy Trial clock.

WHEREFORE, Defendant requests the Court to grant his Motion and exclude one hundred twenty (120) days from the Speedy Trial Clock.

DATED at Denver, Colorado May 20, 2019.

/s/Miller Leonard
Attorney for Defendant
CO Reg. # 41029
14143 Denver West Pkwy. Ste 100
Golden CO 80401
Telephone: 720-613-8783
millermleonard@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of this Motion was delivered, via the ECF system for the District of Colorado to all parties, May 20, 2019.

/s/ Miller Leonard