**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 19-cr-227-CMA

UNITED STATES OF AMERICA,
Plaintiff,
v.

4.  LUIS RENE ZAVALA-ACOSTA,
Defendant.

---

**DEFENDANT'S RESPONSE TO GOVERNMENT'S
DOWNWARD VARIANCE MOTION**

---

Luis Rene Zavala-Acosta files the following response to the government's downward variance motion.

**The government places too much emphasis on the Guidelines**

The government relies upon the guidelines as the basis for beginning their sentencing analysis. *See* Doc. 150, pg. 2. The Supreme Court has stated that a sentencing court "may not presume that the Guidelines range is reasonable but must make an individualized assessment based on the facts presented." *Gall v. United States*, 552 U.S. 38, 50 (2007). While the defendant has filed objections to the PSR guideline calculations and has offered his own suggested guideline calculation, whatever guideline sentencing range the court determines applies will still be

1

disproportionate to Mr. Zavala-Acosta's individual circumstances. Even the Acting Chief of the Criminal Division for the Department of Justice has stated, albeit not in this case, that in certain circumstances "it would be reasonable for [a] Court to conclude that the Guidelines range as calculated is unduly high on the facts of this case."[1] *Government's Supplemental and Amended Sentencing Memorandum, United States v. Roger J. Stone*, 19-cr-18-ABJ.

It is the position of Mr. Zavala-Acosta that he far more fits the category of a defendant who is deserving of a finding that the guidelines are unduly high. The particular facts of Mr. Zavala-Acosta's case warrant a sentence well below the guideline range.

### **Main Justice agrees the Guidelines can be unjust**

Mr. Zavala-Acosta is a poor, young man from Mexico. He has been a model inmate while incarcerated. He has treated the government and the Court with respect. He has no criminal history. He is "safety valve" eligible.

In the *Stone* case, the thrust of the Department of Justice's argument in their Supplemental and Amended Sentencing Memorandum is an objection to the harshness of the eight-level enhancement under Section 2J1.2(b)(1)(B) for "threatening to cause physical injury." While the Department's objection to the harshness of this guideline

---

[1] The Acting Chief of the Criminal Division wrote this quote in the *Stone* case. According to the Department of Justice, Mr. Stone's guideline sentence was too harsh despite the fact that he went to trial, refused to accept responsibility, offered no assistance to the government, and arguably threatened the Judge in his case. Exhibit 1 and 2 are the government's two sentencing memorandums in the *Stone* case.

2

enhancement is welcomed, the Department's position that the guidelines are overly harsh cannot only be applied to Mr. Stone's case.

Retired Federal Judge Nancy Gertner's article in the *Boston Globe*, attached as Exhibit 3, outlines the inconsistent and confusing position of the Department of Justice. On one hand, its prosecutors are to seek the harshest penalties for offenders. Yet in the *Stone* case, in swoops the Department of Justice to bemoan the harsh realities of federal sentencing. No doubt the Department wishes its position in the *Stone* case to be case specific.

In *Stone* the Department's took extraordinary efforts to mitigate Stone's sentence by attacking the guidelines. To only apply this argument to the *Stone* case is unjust and denigrates the role of the Department to ensure a just, fair, and orderly system of prosecution. And the extraordinary intervention in the *Stone* case is not that of an isolated or rogue Assistant United States Attorney. Rather, the argument was advanced by a senior level member of the Department of Justice acting on the orders of the Attorney General.

The logic of the Department's intervention in the *Stone* case is sound (in so far as the guidelines are overly harsh) and applicable to many cases that regularly appear before federal judges for sentencing: the guidelines ranges calculated in many cases are too high. In particular, the total offense levels for many drug crimes are draconian and fail to meaningfully differentiate between low level and high level offenders. This is the case for Mr. Zavala-Acosta, irrespective of the final guideline calculation. To borrow a phrase from the Supplemental and Amended Sentencing Memorandum in the *Stone*

case, if the court finds the total drug offense level in Mr. Zavala-Acosta's case to be anywhere close to that argued by the government, the court should find that while "technically applicable," this offense level "disproportionately escalates" Mr. Zavala-Acosta's sentencing exposure.

## Conclusion

Mr. Zavala-Acosta believes that a sentencing variance to 24 months is appropriate for the reasons stated in his prior memorandums.

DATED at Denver, Colorado, February 28, 2020.

Respectfully Submitted,

/s/Miller Leonard
Attorney for Defendant
CO Reg. # 41029
14143 Denver West Pkwy,
Suite 100
Golden, CO 80401
720-613-8783 Phone
303-907-9516 Cellular
millermleonard@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that this Response was delivered, via the ECF system for the District of Colorado to all parties on February 28, 2020.

/s/ Miller Leonard

4