OPINION

# Stone case lays bare Barr's not so just Justice Department

Barr has generally urged prosecutors to seek lengthy mandatory sentences. How does that square with his recommendation in the Stone case?

By Nancy Gertner, Updated February 19, 2020, 1:55 p.m.



President Trump shakes hands with Attorney General William Barr. The Justice Department overruled its own prosecutors after it initially recommended in a court filing that Trump's longtime ally and confidant Roger Stone be sentenced to seven to nine years in prison. But the next day, the Justice Department took the extraordinary step of lowering the amount of prison time it would seek for Stone. CHARLES REX ARBOGAST/ASSOCIATED PRESS

When Department of Justice prosecutors told the judge in Roger Stone's case that their sentencing recommendation — consistent with the Federal Sentencing Guidelines — was seven to nine years following Stone's November conviction on seven felonies related to obstruction, witness tampering, and lying and investigators, President Trump tweeted that this was a miscarriage of justice coming from "rogue prosecutors."


**Donald J. Trump**
@realDonaldTrump

Two months in jail for a Swamp Creature, yet 9 years recommended for Roger Stone (who was not even working for the Trump Campaign). Gee, that sounds very fair! Rogue prosecutors maybe? The Swamp! @foxandfriends @TuckerCarlson

92.1K  5:06 AM - Feb 12, 2020

37.9K people are talking about this

The next day Attorney General William Barr apparently directed his office to file an amended memo to the court, undercutting the first, recommending less time. (The four prosecutors quickly resigned from the case, one from the Justice Department entirely.) The memo reflects the DOJ's empathy for Trump's longtime adviser Roger Stone, 78, who had been facing substantial prison time.

As a former federal judge, I can appreciate their concerns. I sentenced many people, primarily Black and Latino men, under the guidelines to sentences that were unfair, unjust, and disproportionate. My point is simple: I would like to see Barr's empathy to extend to others, especially those not so well connected.

The line prosecutors who made the first recommendation were not rogues. They were doing what Barr wanted them to do. Their recommendation, as the DOJ's Feb. 11 amended memo to the court concedes, was "perhaps technically applicable" under the federal guidelines — but unfair in the Stone case. After all, as the memo notes, that guideline-calculated sentence, seven to nine years, is the kind of sentence given to defendants convicted of armed robbery.

But Barr has not been concerned when those "technically applicable" guidelines led to decades of imprisonment for largely Black dealers of small quantities of crack cocaine. I chided prosecutors in my court for seeking sentences for nonviolent crack offenders — technically correct under the guidelines — that were as long as that for people convicted of crimes like solicitation to commit murder or kidnapping. Barr has gone out of his way to lambaste progressive state prosecutors, like Suffolk County District Attorney Rachael Rollins, for not prosecuting minor crimes that disproportionately affect minorities. He reinstated policies — withdrawn under Obama's attorney general, Eric Holder — that urged prosecutors to seek "the highest readily provable offenses," which means lengthy mandatory sentences. This came after equivocal assertions that he would work to implement the First Step Act, the bipartisan bill passed under Trump that lessened the impact of "three strikes" laws and modestly eased sentences for certain drug crimes. And he called for new mandatory minimum sentences, just when First Step Act supporters urged their repeal.

In fact, let's do a thought experiment — put someone else's face on the facts of Stone's case. Stone was convicted of obstructing justice by telling Randy Credico, a cooperating witness, not to testify, take the fifth, "stonewall it," paraphrasing what Richard Nixon said to his aides. When that didn't work, he directed Credico to lie like the witness in the "The Godfather: Part II," who claimed not to remember anything when he was subpoenaed. Then Stone escalated, calling Credico a "rat" and "a stoolie," and threatened his dog. He also said, "I am so ready. Let's get it on. Prepare to die."

The guidelines treat obstruction of justice as a more serious offense when there are threats of violence, just as they treat drug crimes differently when there is a weapon, or when the defendant destroys evidence. In these cases, the sentence is significantly "enhanced." The problem is that the increase is a fixed number across crime categories

that the guideline drafters just made up. Sometimes it's fair; often it's not.

DOJ says that this is one of those cases where the enhancement isn't fair because Credico assured the Court that he didn't feel threatened. While the DOJ agrees that "Credico's subjective beliefs are not dispositive," it urges the judge to consider them. (It doesn't mention Credico's text to New York Times columnist Michelle Goldberg: "If Stone goes to jail, I'm a walking dead man.")

Would Barr have taken the same position if any other defendant told a cooperating witness, "Prepare to die"? Would he believe the cooperator who said, "He was only joking"?

The worst part of the Barr-orchestrated memo is what it omits. Stone threatened the judge by posting her image on Instagram with crosshairs near her head. He labeled it "Obama appointed judge," with the hashtag, "#fixisin." He lied under oath in her court about whether he violated court orders. He did this, so the judge found, "to gin up" controversy about the Robert Mueller investigation and "get people to question the legitimacy of this prosecution."



**Mike Scarcella**
@MikeScarcella

Now: Roger Stone formally apologizes to Judge Amy Berman Jackson for an Instagram photo showing her face next to crosshairs assets.documentcloud.org/documents/5743…

Case No.: 1:19-CR-00018-ABJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROGER J. STONE, JR.,

    Defendant.
_____/

**ROGER J. STONE'S NOTICE OF APOLOGY**

Undersigned counsel, with the attached authority of Roger J. Stone, hereby apologizes to the Court for the improper photograph and comment posted on Instragram today. Mr. Stone recognizes the impropriety and had it removed.

Respectfully submitted,

By: /s/ L. Peter Farkas
L. PETER FARKAS
**HALLORAN FARKAS & KITTILA, LLP**
DC Bar No.: 52944
1101 30th Street, NW
Suite 500
Washington, DC 20007
Telephone: (202) 559-1700
Fax: (202) 257-2019
pf@hfk.law

By: /s/Bruce S. Rogow
BRUCE S. ROGOW
FL Bar No.: 067999
TARA A. CAMPION
FL Bar: 90944
**BRUCE S. ROGOW, P.A.**
100 N.E. Third Avenue, Ste. 1000
Fort Lauderdale, FL 33301
Telephone: (954) 767-8909
Fax: (954) 764-1530
brogow@rogowlaw.com
tcampion@rogowlaw.com

105   5:03 PM - Feb 18, 2019

175 people are talking about this

Sound familiar? Maybe that's why Barr's memo ignores the details. He shares Stone's goals.

Would any other defendant who did these things get the benefit of the doubt from the

DOJ?

Two wrongs, as we tell our kids, don't make a right. Stone shouldn't be treated as cruelly as we treat other federal defendants. If Barr sees the light for "poor" Stone, maybe he will for the defendants swept up in an unjust system. But I won't hold my breath.

*Nancy Gertner, a retired federal judge, is a professor at Harvard Law School.*

Show 43 comments

©2020 Boston Globe Media Partners, LLC